**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF FLORIDA**
**07-21267-CIV-LENARD/TORRES**

U.S. Commodity Futures Trading Commission,

Plaintiff,

v.

The Liberty Mutual Group, Inc., Addison Financial Group, Inc., Addison Management Group, Inc., Hamlin Mercer Group, Inc., Colfax Management Group, Inc. (collectively, "Addison Enterprise"), Alan Lerner, Forefront Investments Limited Partnership, Todd Guthrie, and Benji Dayan,

Defendants.

**CONSENT ORDER OF PRELIMINARY INJUNCTION AND OTHER EQUITABLE RELIEF**

On May 16, 2007, Plaintiff, the Commodity Futures Trading Commission ("Commission"), filed a complaint for permanent injunction and other equitable relief against Defendants The Liberty Mutual Group, Inc. ("LMG"), Addison Financial Group, Inc. ("AFG"), Addison Management Group, Inc. ("AMG"), Hamlin Mercer Group, Inc. ("HMG"), Colfax Management Group, Inc. ("CMG"), Alan Lerner ("Lerner"), Forefront Investments Limited Partnership ("FILP"), Todd Guthrie ("Guthrie"), and Benji Dayan ("Dayan") (collectively, "Defendants") for violations of the Commodity Exchange Act, as amended ("Act"), 7 U.S.C. § 13a-1 (2002) et seq., and the Commodity Futures Trading Commission Regulations promulgated thereunder ("Regulations"), 17 C.F.R. §§ 1 et seq. (2006). On May 16, 2007, this Court entered an *ex parte* Statutory Restraining Order ("SRO") (D.E. 5), *inter alia*, freezing the assets of the Defendants, and prohibiting the destruction of books and records.

On May 25, 2007, Defendants Guthrie and Dayan filed an opposition motion (DE 13). Defendant FILP filed a motion to dissolve the SRO and in opposition to the Commission's motion for preliminary injunction on May 28, 2007, in which Defendants Dayan and Guthrie joined (DE 17). Defendants Lerner, LMG, AMG, AFG, HMG, and CMG also filed an opposition to the Commission's motion (DE 18). The Court held hearings on the preliminary injunction motion and motion to dissolve on May 29, 2007 and June 4, 2007, at which all parties appeared and presented witnesses and evidence on the competing motions. The Court has made no determination of the merits of any party's motion.

By consenting to the entry of this *Consent Order of Preliminary Injunction and Other Equitable Relief* ("Consent Order"), Defendants neither admit nor deny the allegations of the Complaint or any portion of this Consent Order. Defendants consent to the Court's exercise of jurisdiction over them pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, and venue pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1, however, Defendants do not waive any defense to any allegation in this case, including but not limited to defenses relating to the Commission's jurisdiction and this Court's subject matter jurisdiction. The Defendants' consent is entered into voluntarily and no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce the Defendants to consent to this Consent Order.

For purposes of this Consent Order the Court finds:

1. This Court has jurisdiction over the subject matter of this case pursuant to Section 6c of the Commodity Exchange Act, 7 U.S.C. § 13a-1, and it also has jurisdiction over the Defendants; and

2. That venue properly lies with this Court pursuant to Section 6c of the Act, 7 U.S.C. § 13a-1.

## DEFINITIONS

For the purposes of this Consent Order, the following definitions apply:

1. "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including but not limited to chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, receivables, contracts, insurance policies, and all cash, wherever located, whether in the United States or abroad.

2. "Defendants" means LMG, AFG, AMG, HMG, CMG, FILP, Lerner, Guthrie, and Dayan and any person insofar as he or she is acting in the capacity of an officer, agent, servant, employee, or attorney of Defendants, and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with Defendants.

## I.
## PROHIBITED CONDUCT

**IT IS HEREBY ORDERED** that the Defendants along with any of their agents, servants, employees or assigns and persons in concert or participation with any of them who receives actual notice of this Consent Order by personal service or otherwise, and all other persons or entities served with a copy of this Order, are restrained and enjoined, directly or indirectly, from:

A. cheating or defrauding or attempting to cheat or defraud any other person or deceiving or attempting to deceive any other person by any means whatsoever; in or in connection with an offer to enter into, the entry into, or confirmation of execution of, any commodity option transaction in violation of Section 4c (b) of

the Act, 7 U.S.C. § 6c(b) and Regulations 1.1(b)(1) and (3), and 32.9(a) and (c), 17 C.F.R. §§ 1.1(b)(1) and (3), and 32.9(a) and (c);

B. soliciting or accepting orders for, or accepting money, securities or property in connection with, the purchase or sale of any commodity option, or to supervise any person or persons so engaged in violation of Section 4c (b) of the Act, 7 U.S.C. § 6c(b) and Regulation 32.11(a), 17 C.F.R. § 32.11(a).

## II.
## ASSET FREEZE

**IT IS HEREBY ORDERED** that Defendants FILP, LMG, AFG, AMG, HMG, and CMG except as otherwise ordered by this Court, are restrained and enjoined from directly or indirectly:

A. transferring, selling, alienating, liquidating, encumbering, pledging, leasing, loaning, assigning, concealing, dissipating, converting, withdrawing, or otherwise disposing of any assets, wherever located, including assets held in corporate or partnership accounts in which Defendant FILP has an interest;

B. opening or causing to be opened any safe deposit boxes titled in the name of, or subject to access by Defendant FILP; and

**IT IS FURTHER ORDERED** that the asset freeze entered against Defendants Guthrie, Dayan, and Lerner pursuant to the Court's SRO (D.E. 5), shall be lifted as to these Defendants immediately upon the entry of this Order.

**IT IS FURTHER ORDERED** that this asset freeze entered against Defendants, pursuant to the Court's SRO (D.E. 5), shall continue to apply to the proceeds from any notes receivable and/or the sale of any assets owned by Defendants FILP,LMG, AFG, AMG, HMG, and CMG.

## III.
## FORCE AND EFFECT

**IT IS FURTHER ORDERED** that this Consent Order and the SRO issued on May 16, 2007 (D.E. 5), except as modified by this Consent Order, shall remain in full force and effect until further order of this Court, and that this Court retains jurisdiction of this matter for all purposes.

**SO ORDERED**, at Miami, Florida on this 14 day of June, 2007, at 3:30 P.M.

Joan A. Lenard

THE HONORABLE JOAN A. LENARD
UNITED STATES DISTRICT JUDGE

Consented to and approved for entry by:

ATTORNEYS FOR PLAINTIFF COMMODITY FUTURES TRADING COMMISSION
1155 21st Street, N.W.
Washington, D.C. 20581

Dated: June 9, 2007

**/S/ Eugene Smith**
Eugene Smith, Esq.
Christine Ryall, Esq.
(202) 418-5318 (Ryall)
(202) 418-5371 (Smith)
(202) 418-5523 (facsimile)

*Counsel for Defendant: Forefront Investments Limited Partnership*

Dated: June 9, 2007

**/S/ Christopher J. King**
Christopher J. King, Esq.
Homer & Bonner, P.A.
1441 Brickell Avenue, Suite 1200
Miami, Florida 33131
Fax: (305) 982-0060
cking@hommerbonner.com

*Counsel for Defendants: Todd Guthrie and Benji Dayan*

Dated: June 9, 2007

**/S/ Robert W. Pearce**
Robert W. Pearce, Esq.
Law Offices of Robert Wayne Pearce, P.A.
1499 West Palmetto Park Road, Suite 300
Boca Raton, Florida 33486
Fax: (561) 338-9310
pearce@rwpearce.com

*Counsel for Defendants: Alan Lerner, The Liberty Mutual Group, Inc., Addison Management Group, Inc., Addison Financial Group, Inc., Hamlin Mercer Group, Inc., and Colfax Management Group, Inc.*

Dated: June 9, 2007

**/S/ Blaine H. Hibberd**
Blaine H. Hibberd, Esq.
Blaine H. Hibberd, P.A.
633 Southeast 3rd Avenue, Suite 301
Ft. Lauderdale, Florida 33301
Fax: (954) 768-0778
blaine@hiblaw.com